# Olive *v.* Director General of Railroads, Appellant.

*Negligence—Railroads — Crossings — "Stop, look and listen"—Evidence—Proper place to stop—Case for jury.*

1. In an action against a railroad company for injuries suffered at a grade-crossing in a collision between an automobile truck and a train, the case is for the jury where plaintiff's evidence showed that he had stopped at a point 12½ feet from the nearest main track, which was the usual place of stopping, that, hearing and seeing nothing, he approached at the rate of two miles an hour towards the track, that the weather was foggy, that, as he approached the track, the view was temporarily obstructed by a pile of ties and a box car on a siding, and that the rear end of the truck was struck by the train.

2. In such case, a witness for plaintiff, who did not see the accident, may testify, that the best as well as the usual place to stop when approaching the crossing, was where plaintiff testified he had stopped.

Argued September 27, 1922. Appeal, No. 52, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1919, No. 518, on verdict for plaintiff, in case of Thomas Olive v. Director General of Railroads operating the Baltimore & Ohio R. R., in Pennsylvania. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STEPHENS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,561.67. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Philip N. Shettig,* with him *John M. Rose* and *Alexander H. Louther,* for appellant.

*Frank P. Barnhart,* for appellee, was not heard.

PER CURIAM, October 20, 1922:

Defendant appeals from orders of the court below denying him judgment n. o. v. and refusing a new trial. The only questions now raised concern the alleged contributory negligence of plaintiff, and the admissibility of certain evidence given by one of his witnesses.

The action was brought to recover damages for personal injuries received, at 7:25 a. m., on October 8, 1919, when an automobile truck, in which plaintiff was riding on a joint mission with the driver, was struck by a train of defendant railroad.

The scene of the collision was a grade crossing, familiar to both plaintiff and the driver; they, knowing the train was about due, slowly approached the crossing and stopped 12½ feet from the nearest rail of the main track, the railroad at this point consisting of a siding and one track. The highway crossed the railroad at an angle, about two hundred feet from a bend in the latter, this curve somewhat limiting the view of approaching trains.

A clouded sky, together with a fog of disputed density, made visibility difficult, but plaintiff said it was possible to see down the track some two hundred feet, the driver estimated it at about three hundred feet; however, as

they approached the railroad, their view was temporarily obstructed by a pile of ties and a box car on the siding.  Neither seeing nor hearing anything, they started forward at about two miles an hour,—all that low gear and a heavily loaded truck, weighing ten tons, would permit,—and, when they were crossing the main track, the rear end of the truck was struck by the train. Plaintiff testified that the truck was stopped at the place where it was customary for travelers to stop, look and listen before crossing.

On the above-stated facts, the case was for the jury : Siever v. Pittsburgh, etc., Ry. Co., 252 Pa. 1, 8.

The trial judge permitted a witness for plaintiff, who did not see the accident, to testify that the best, as well as the usual, place to stop when approaching the crossing in question, was where plaintiff testified they had stopped on the morning of the collision; under the attendant circumstances, this presents no reversible error : Cookson v. Pittsburgh & Western Ry. Co., 179 Pa. 184, 193.

The judgment is affirmed.